*Xu v .Lynch*

BIA
Rohan, IJ
A200 733 452

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand fifteen.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

ZHENG XUAN XU,
> *Petitioner,*

> v.                                        14-2565
>                                           NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*[1]

_____

---

[1] - Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR PETITIONER:**     Zheng Xuan Xu, Pro Se, Flushing, New York.

**FOR RESPONDENT:**     Joyce R. Branda, Acting Assistant Attorney General; Katharine E. Clark, Senior Litigation Counsel; Jacob A. Bashyrov, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zheng Xuan Xu, a native and citizen of the People's Republic of China, seeks review of a June 24, 2014, decision of the BIA affirming a September 19, 2012, decision of an Immigration Judge ("IJ") denying Xu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zheng Xuan Xu,* No. A200 733 452 (B.I.A. June 24, 2014), *aff'g* No. A200 733 452 (Immig. Ct. N.Y. City Sept. 19, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*,

417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

To establish eligibility for asylum, an applicant like Xu, who does not allege past persecution, must demonstrate a well-founded fear of future persecution. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006). To do so, he must show that he subjectively fears persecution and that his fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162 (2d Cir. 2008). There are two ways for an applicant to show objective fear: (1) offering evidence that he would be singled out for persecution; or (2) proving that a pattern or practice of persecution of similarly situated persons exists in his home country. 8 C.F.R. § 1208.13(b)(2); *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007).

The agency reasonably found that Xu did not establish that he would be targeted individually for persecution in China. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005)

3

(per curiam).  Although Xu testified that if he returned to China he would attend a house church, there is no evidence that Chinese authorities have threatened him or are either aware or likely to become aware of his religious activities in the United States.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).  Moreover, the country conditions evidence shows that Chinese authorities are more likely to target religious leaders than individual church members, and Xu never asserted that he would be a religious leader if he returned to China. Accordingly, Xu has presented no evidence to establish that Chinese authorities are likely to become aware of his Christian faith and practice.

Furthermore, substantial evidence supports the agency's determination that Xu did not show a pattern or practice of persecution against similarly situated Christians in China. *See Jian Hui Shao*, 546 F.3d at 169.  To establish a pattern or practice of persecution of a particular group, an applicant must demonstrate that the harm to that group constitutes persecution, is perpetrated or tolerated by state actors, and is "so systemic or pervasive as to amount to a pattern or

4

practice of persecution." *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see Mufied v. Mukasey*, 508 F.3d at 92. If the agency "explicitly discussed the pattern or practice claim and the record includes substantial documentary evidence regarding the conditions in petitioner's homeland," we can "reach the conclusion that the agency's decision was not erroneous." *Santoso v. Holder*, 580 F.3d 110, 112 n.1 (2d Cir. 2009) (per curiam).

Here, the BIA explicitly addressed Xu's claim and found that the evidence did not show a "systemic, pervasive, or organized" threat of harm because treatment varied by region. C.A.R. 4; *see Jian Hui Shao*, 546 F.3d at 149-50, 159-60, 163-65. The agency's finding is supported by substantial evidence, as the 2011 U.S. State Department International Religious Freedom report discusses destruction of underground churches and arrests of parishioners, but not any incidents in Xu's home province of Liao Ning. Other than a general statement that the country conditions evidence in the record shows a "crackdown on unauthorized religions and religious practices," Xu points to no specific evidence showing a pattern of persecution of

Christians throughout China. And although he argued in his counseled brief to the BIA that religions in China are subject to strict government control, he does not locate in the record any evidence demonstrating either a pattern of persecution or persecution of Christians in Liao Ning province.

Finally, Xu did not present any particularized evidence showing that he would be subject to torture in China and as a result he is ineligible for CAT relief. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6